William C. Hecht, Jr., J.
Defendant Grand Union Company moves for dismissal of the complaint for legal insufficiency. Each of the plaintiffs states a separate cause of action based upon the same transactions. Each plaintiff was a residential tenant at premises 134 Bleecker Street in New York City. On that site there now stands a single-story building occupied by the moving defendant. The site was part of a larger area condemned by the city and resold to sponsors in connection with- the Redevelopment Plan Under Title I of the Federal Housing Act of 1949 (63 U. S. Stat. 413, 414). The plaintiffs were moved after issuance of certificates of eviction following appropriate approvals of the plan and vesting of title in condemnation. Under the plan there was to be constructed on the particular site a building containing housing accommodations in excess of those then existing. The deed to the sponsor so required.
*975 It is alleged that prior to and at the time when the sponsor made application to the Temporary State Housing Rent Commission for certificates of eviction, and at the time final orders were obtained in summary proceedings, the defendants were negotiating for the erection of a one-story commercial taxpayer for use by the moving defendant. This is an allegation of an overt act. It is further alleged that the negotiations for the leasing to the moving defendant were not publicized, and that with knowledge of the purpose for which the project was adopted the defendants perverted said purpose and use.
It appears that plaintiffs’ claim is not based upon a right of action created by the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.), but rather upon an alleged violation of the purpose of the Redevelopment Plan created for the benefit of the public and having the force of statute. Nor do the plaintiffs seek to attack the condemnation decree.
Both parties rely on Klibanoff v. City of New York (24 Misc 2d 649, 651), wherein the court stated: “ The acquisition, clearance and rehabilitation of a substandard and insanitary area, entirely separate and distinct from any ultimate use of the real property for low-renting housing for persons of low income, is a public use or purpose for which article XVIII of the State Constitution and the Public Housing Law authorize private property to be taken in condemnation proceedings.” There it was held merely that the public purpose was satisfied as basis for condemnation, and that despite the ultimate use after the city acquired title, the condemnation decree could not be attacked. Here, however, the plaintiffs do not attack the condemnation decree, but rely upon the secret and fraudulent purpose and its accomplishment to violate the plan and to divert a portion of the area to a prohibited use. As was stated in Cannata v. City of New York (24 Misc 2d 694, 697): “ After acquisition by the city, the property may be sold only upon such terms as will require a purchaser or grantee thereof to clear and develop it in accordance with the final plan adopted by the city ’ ’.
Here it is alleged that the ultimate proposed use of the particular area had not been disclosed, and the use is alleged to be contrary to the Redevelopment Plan and the deed delivered to the sponsor. In these circumstances the action is not intended to fall within the statutory remedy created by the Rent Law but rather to assert a common-law claim of rieht to damage for conspiratorial injury resulting from a concerted action to subvert the plan to plaintiffs’ injury. The motion is denied.